(No. 1955— )

JOHN CALLAHAN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed March 10, 1936.*

SAM LATHAM, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

Claimant asks an award of Five Thousand ($5,000.00) Dollars for injuries received by him while employed as an attendant at the Elgin State Hospital on November 13, 1931.

Objection is made by the Attorney General that there is no allegation or proof of a claim having been made for compensation within six months after the date of the injury, as required by Section 24 of the Workmen's Compensation Act.

A stipulation of facts was filed herein, showing that on said date while engaged in the performance of his duty in taking care of patients, one of the latter grabbed plaintiff's hand and bit him on the left hand, lacerating the skin. A condition of osteomyelitis developed and plaintiff was confined in the Elgin Hospital for thirty days and thereafter in the Research Hospital in Chicago for two months. Plaintiff's finger became almost rigid and a complete loss of motion has resulted in the second left metacarpal phalangeal joint and distal interphalangeal joint of the index finger; also a restriction of the extension of the elbow of about twenty percent (20%); said condition according to the medical testimony and stipulation constituting a partial permanent disabilty. The stipulation further recites that plaintiff's hospital expenses and salary during the period of his temporary disability were paid by the State of Illinois. A report by Dr. George A. Wiltrakis, State Physician, under date of November 11, 1935, states that he has that day examined plaintiff; that motion in the left elbow is limited to an angle of about one hundred twenty (120) degrees instead of one hundred eighty (180) degrees; that there is a deformity of the left index finger causing this finger to overlap the middle and ring fingers; that the loss of power of this finger makes it worthless so far as the power to grip is concerned and that such finger is a hindrance rather than a value to the hand.

Dr. John R. Tobin of Elgin, Illinois examined plaintiff on November 15, 1934 and states that the infection of the first finger caused osteomyelitis of the bones in the finger and elbow resulting in a partial ankylosis of both, with a resultant disability of "About 50% of his former usefulness."

There is no statement in the complaint, stipulation or other evidence as to the rate of wages or pay that plaintiff was receiving in the employment in question. Counsel for plaintiff and respondent discuss in their respective statements and arguments what *they believe* the wage scale should

be. Counsel for respondent in his argument quotes from a letter received by the Attorney General's Office from the Department of Public Welfare as to the general rule of computing maintenance allowance in connection with salaries of institutional employees.

Because of absence of proof that a claim for compensation was made within six months after the date of injury and because of a lack of other adequate evidence in the record as above noted, the claim is denied and cause dismissed.